MEYER v. SEA FOOD CO.*

(Division A. Nov. 17, 1924.)

[101 So. 702. No. 24429.]

ADVERSE POSSESSION. *Possession must be open, notorious, continuous, and adverse for statutory period; period of permissive holding should be deducted in computing claimant's adverse possession.*

Title to real estate cannot be acquired by adverse possession unless there has been open, notorious, adverse possession under a claim of title for the entire statutory period of ten years. Any period of permissive holding by the claimant should be deducted.

*Headnote 1.   Adverse Possession, 2 C. J., sections 57, 64, 206, 211.

APPEAL from circuit court of Harrison county.
HON. D. M. GRAHAM, Judge.
Action by Joseph F. Meyer against the Sea Food Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

ANDERSON, J., delivered the opinion of the court.

Appellant, Joseph F. Meyer, brought an action of ejectment in the circuit court of Harrison county, against appellee, Sea Food Company, to recover a strip of land described as "five feet off the east side of lot 11 of block 3 in the plan of Summerville in the city of Biloxi, Harrison county, Miss."

At the conclusion of the evidence for appellant, on motion of appellee, the evidence was excluded and a verdict directed for appellee, followed by a judgment in favor of appellee, from which judgment appellant prosecuted this appeal.

In considering the propriety of the action of the trial court in excluding appellant's evidence and directing a verdict in favor of appellee, appellant's evidence must be treated as establishing every material fact which it either proves directly or by reasonable inference. So viewing it, the evidence tends to make the following case for appellant:

On the 26th day of May, 1913, and for some time prior thereto, appellant owned lot 10 in block 3, according to the plan of Summerville in the city of Biloxi, in Harrison county, and his wife owned, and had owned for some time, lot 11 in said block 3, which lies just west of and

adjoining block 10. On the 26th day of May, 1913, appellant sold and conveyed to appellee, with other property, lot 10. At the time of the conveyance, and for many years prior thereto, the dividing fence between lots 10 and 11 was treated as being about five feet over on lot 11. However, when the conveyance was made by appellant to appellee, of lot 10, appellant informed appellee that the fence between the two lots was not on the true line, but was about five feet over on lot 11, which belonged to his wife, and that he was not conveying this five-foot strip, but would move the fence back on the true line to which appellee assented. Thereupon appellant, soon after the conveyance, moved the fence on the true line between the two lots, leaving the five-foot strip in question as a part of lot 11, owned by his wife. In October or November, 1913, appellee claiming to be the owner of this five-foot strip of land, had said fence removed to its former location, thereby attempting to make it a part of lot 10 instead of lot 11. The evidence tended to show that appellee since that time had been in the open, notorious, adverse possession of said five-foot strip, claiming title thereto against all persons. After making the conveyance to appellee, appellant's wife died, and he being her sole heir inherited from her lot 11, and owned it at the time this action was brought and at the time of the trial thereof in the court below.

The question is whether or not appellee had acquired title to the land in controversy under section 3094, Code of 1906, Hemingway's Code, section 2458, by adverse possession continuing for a period of ten years next before the bringing of this action, which action was begun on the 6th day of September, 1923.

It will be observed that if the statute of limitation began to run against appellant on the 26th day of May, 1913, when he conveyed lot 10 to appellee, appellant is barred and the title of appellee is good by adverse pos-

session. On the other hand, if the statute did not begin to run until appellee, in October or November, 1923, moved the fence back on lot 11, to the location from which it had been removed by appellant soon after the conveyance by him to appellee, then appellant is not barred because his action was brought within ten years from that date.

The trial court must have held that appellant's cause of action accrued on the 26th of May, 1913, the date of his conveyance to appellee. We hold that it did not accrue until appellee replaced the fence on the old line on lot 11, from which it had been removed by appellant, which replacement took place in October or November, 1913, and therefore within ten years of the bringing of this action. We hold this because appellant's evidence tends to show that up to that time he had possession of the strip of land involved, and appellee up to that time acquiesced in such possession; in other words, that appellee's possession never became adverse to appellant until the former replaced the fence on the old line in October or November, 1913.

Appellee argues that the evidence tending to show an agreement between the parties at the time of the conveyance that appellant should move the fence about five feet east to the true line between lots 10 and 11, should have been excluded, because the effect of it was to vary the terms of the deed evidencing the conveyance. Appellee is wrong; it had no such effect. The deed was to lot 10; the five-foot strip was no part of lot 10, but a part of lot 11. The effect of the evidence was to show that the possession of no part of lot 11 was delivered to appellee as a part of lot 10.

*Reversed and remanded.*