## SEA FOOD CO. *v.* MEYER.*

(Division B.   Sept. 27, 1926.)

[109 So. 674.   No. 25734.]

BOUNDARIES.  *That when lot was conveyed according to plat, parties
thought fence was on true line and acted on that understanding,
held no defense to ejectment for part of other lot on wrong side
of fence.*

That when plaintiff conveyed land to defendant, describing it as
lot 10 according to plan and map, the parties thought the fence
between lots 10 and 11 was on the true line and acted on that
understanding, will not defeat ejectment for that part of lot
11 which was on the wrong side of such fence, as the conveyance
cannot be amended by parol.

*Corpus Juris-Cyc References: Boundaries, 9CJ, p. 245, n. 5.  Evidence, 22CJ, p. 1126, n. 36.  Fence as evidence of agreement as to
boundary, see 4 R. C. L. Supp. 252.

APPEAL from circuit court of Harrison county.
HON. W. A. WHITE, Judge.

Action by Joseph F. Meyer against the Sea Food Company.   Judgment for plaintiff, and defendant appeals.
Affirmed.

*John L. Heiss* and *W. L. Guice,* for appellant.

I.   The court below erred in refusing to give the peremptory instruction requested by appellant.   Meyer sold
to the Sea Food Company the specific thing he acquired
from Ada Bailey and, according to his own testimony,
he not only acquired but claimed for twenty-five years
the very land he is now suing the Sea Food Company
to recover.

While we know that the construction of deeds is such
that where there is a particular description that is complete in itself, generally the court will not go ahead to

consider the meaning of the general grant, still in this state this is not a hard and fast rule. *Barksdale et al. v. Barksdale,* 45 So. 615.

We submit, therefore, that the evidence of the appellee in this case showed that he purchased this land from Mrs. Bailey, held it for years, and then, as an entirety, by his deed, sold it to the Sea Food Company, and in the record on behalf of appellee there is no evidence to show anything that the court could construe as a reservation of this land that was under fence when the deed was given to the Sea Food Company.

II.   The court below erred in refusing to give an instruction for the defendant, giving the jury a right to consider what the intention of the appellee in selling this land was, admitting for the sake of argument that there was some evidence which the jury could consider in determining whether or not the appellee had withheld any of the land he owned which was under fence.   All this instruction said to the jury was that the jury had a right to decide from the evidence what the appellant had purchased and what the appellee had sold.

By reason of the general rights and equities of the appellant, we submit that the case should be reversed and remanded.

*Mize & Mize,* for appellee.

Under the testimony it was purely a question of fact for the jury to determine whether or not Mr. Meyer was entitled to this five feet of land.   The issue was clear cut as to whether or not the defendant had been in possession of this strip for a period of more than ten years, and on this issue the jury found in favor of the appellee.

The appellee informed the plaintiff when the transaction was being made that the fence was not on the line between Lots 10 and 11; and in corroboration of this statement the testimony shows that just a short time

144 Miss.—7.

after the deed was delivered appellee moved the fence to its correct position and it remained there until he left Biloxi and went to New Orleans, and it was then moved back by the defendant, and that this was not done before October 2, 1913; and this statement of facts the jury accepted as true and correct.

The instruction sought by appellant was properly refused because there was no evidence on which to base it.

ANDERSON, J., delivered the opinion of the court.

Appellee, Joseph F. Meyer, brought ejectment in the circuit court of Harrison county against appellant, Sea Food Company to recover of the latter a strip of land described as "five feet off the east side of lot 11 of block 3 in the plan of Summerville in the city of Biloxi, county of Harrison." There was a trial resulting in a verdict for appellee upon which verdict a judgment was entered for the strip of land involved, according to the verdict of the jury. From that judgment appellant prosecutes this appeal.

Appellant contends, first, that under the law and evidence it was entitled to a directed verdict, which it requested and which the trial court refused to grant. That question was settled against the appellant's contention on the former appeal of this case. *Meyer w. Sea Food Co.,* 136 Miss. 869, 101 So. 702.

The court refused to instruct the jury at appellant's request that if they believed from the evidence that appellant purchased the strip of land in question at a time when the west boundary thereof was marked by a fence, and that in purchasing the land it was the intention of both the appellee and the appellant "to sell and purchase the land as marked by said fence, then the jury should find for the defendant" (appellant). Appellant contends that the refusal of that instruction was error.

Lot 10 is adjoined on the west by lot 11. Appellee conveyed lot 10 to appellant along with other property. In

the evidence it is undisputed that the property conveyed is property described according to the plan and map of Summerville in the city of Biloxi. Appellant's position is that when it purchased the lot from appellee the dividing line between lots 10 and 11 was marked by a fence, supposed at the time to be on the true line; that appellee at the time of the conveyance pointed this fence out to appellant as being on the true line; and, relying on that representation, the sale and purchase were made. Appellant's evidence tended to establish those facts. Appellee for some time prior to the bringing of this action and at the trial thereof was the owner of lot 11. The evidence showed without conflict that the fence between lots 10 and 11 was not on the true line between those lots, but was five feet over on lot 11, which belonged to appellee; that, therefore, if appellant got by its deed the land up to the fence as then located, it got five feet more than was described in the conveyance to it by appellee. Soon after the conveyance appellee moved the fence on the true line between lots 10 and 11. Thereafter appellant moved the fence back onto the false line. After the expiration of nearly ten years from the latter event, appellee brought this action of ejectment for the five-foot strip of land in question.

Appellant argues that it is entitled to retain possession of the strip of land because both parties to the conveyance agreed orally at the time of the conveyance that it was a part of the land conveyed, notwithstanding that it is shown without dispute that it was not in truth and in fact within the calls of appellant's conveyance. Does the fact that both parties thought at the time of the conveyance that the fence between lots 10 and 11 was on the true line, and acted on that understanding, bar appellee from recovering the strip of land which was no part of the land within the calls of appellant's deed? We think not. This action was brought in a court of law. It is an ejectment suit. The parties are bound by the conveyance. The land conveyed can neither be added to nor taken from

by parol.   Lot 10 has its description according to the plan and map of Summerville in the city of Biloxi, and lot 11 likewise has its description.   Appellee in his conveyance to appellant described, in addition to other property unnecessary to mention, lot 10 according to such plan and map.   That is what the conveyance purported to convey.   No part of lot 11 was described in the conveyance.   Regardless of what the intention of the parties was, the conveyance cannot now be amended by parol so as to include a part of lot 11.   It follows from these views that the court committed no error in refusing the instruction requested.   We think this is the only question calling for discussion.

*Affirmed.*